El Juez Asociado Señor Rebollo López
emitió la opinión del Tribunal.
El 4 de octubre de 2000 Lydia M. Matías Lebrón, entre otros maestros orientadores, y la Asociación de Maestros de Puerto Rico, presentaron ante el Tribunal de Primera Instancia, Sala de San Juan, una demanda en solicitud de *864 sentencia declaratoria y por daños y perjuicios contra el Departamento de Educación, su entonces Secretario Víctor Fajardo y el Estado Libre Asociado de Puerto Rico. Alega-ron, en síntesis, que los demandados habían violado sus derechos constitucionales a la igual protección de las leyes y a igual paga por igual trabajo, “ya que arbitraria, capri-chosa e irrazonablemente, han discriminado y excluido a los demandantes de los beneficios concedidos a la Profesión Magisterial por la Ley de Carrera Magisterial”. Demanda enmendada, pág. 4. En vista a ello, solicitaron se declarase inconstitucional el Art. 1.03 de la Ley de Carrera Magisterial, 18 L.P.R.A. see. 311, se ordenara al Departamento de Educación a honrarle a los maestros orientadores los sala-rios concedidos por la Ley de Carrera Magisterial desde 1999 y concederle una compensación de $25,000 en con-cepto de daños y peijuicios a cada maestro orientador ex-cluido de los beneficios de la ley. Solicitaron, además, la certificación del pleito como de clase.
El 1 de junio de 2001, Olga Santiago Casiano, otros tra-bajadores sociales escolares y la Asociación de Maestros de Puerto Rico presentaron una demanda de índole similar contra el Departamento de Educación, su Secretario y el Estado Libre Asociado de Puerto Rico, para esbozar las mismas alegaciones y solicitar remedios idénticos a los ex-puestos en la demanda presentada por Lydia M. Matías Lebrón y demás maestros orientadores.
En vista de la similitud entre sus alegaciones respecti-vas, los casos antes reseñados fueron consolidados.
Posteriormente, el 28 de agosto de 2002, la Asamblea Legislativa de Puerto Rico, mediante la Ley Núm. 208 (18 L.P.R.A. see. 313), enmendó la Ley de la Carrera Magisterial a los efectos de extender sus beneficios a los maestros orientadores y trabajadores sociales escolares. No obs-tante, los recurridos se reiteraron en sus reclamaciones, y presentaron una demanda enmendada para solicitar el pago retroactivo de los beneficios de la Ley de la Carrera Magisterial desde su aprobación en 1999 y los daños que *865 alegan les fueron ocasionados por haber sido excluidos de la aplicación de la ley original.
Tras varios trámites procesales, el 23 de febrero de 2005, los recurridos solicitaron se certificara como clase a los
... empleados del Departamento de Educación del Estado Libre Asociado de Puerto Rico que han ocupado la plaza de Maestro Orientador y Maestro Trabajador Social del Sistema de Educación y que ejercían dichas funciones durante los años 1999 hasta 2003, y que fueron excluidos de la Ley 158 de 18 de julio de 1999, conocida como la “Ley de Carrera Magisterial”. Moción solicitando certificación de pleito de clase a tenor con la Regla 20 de las de Procedimiento Civil de 1979, pág. 8.
El Departamento de Educación se opuso a la solicitud fundamentado en que los recurridos no acreditaron su cumplimiento con los requisitos establecidos en la Regla 20 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
En resolución notificada el 8 de agosto de 2005, el Tribunal de Primera Instancia certificó el pleito como de clase. Luego de enumerar los requisitos establecidos en la Regla 20.1 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, para la certificación de un pleito de clase, determinó que los recu-rridos los satisfacían. También concluyó que se cumplieron con los requisitos de la Regla 20.2(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III.
El Departamento de Educación solicitó reconsideración. Este sostuvo que los recurridos no habían descargado el peso de la prueba de demostrar que cumplían con los re-quisitos de la Regla 20 de Procedimiento Civil, ante, y que el tribunal debió celebrar una vista evidenciaría antes de certificar el pleito como de clase. El tribunal le concedió un término al Departamento de Educación para expresarse sobre el asunto. Contando con la posición de la agencia y, luego de celebrar una vista de seguimiento, el tribunal de-negó la solicitud de reconsideración del Departamento de Educación, reiterándose en la certificación del pleito como de clase.
De tal determinación, el Departamento de Educación *866 recurrió al Tribunal de Apelaciones. Argüyó que los recu-rridos incumplieron con los requisitos de la Regla 20 de Procedimiento Civil, ante, ya que su solicitud se funda-mentó en meras especulaciones y no se cumplió con el aná-lisis riguroso exigido jurisprudencialmente. El Tribunal de Apelaciones confirmó la decisión del tribunal de instancia respecto a la certificación del pleito de clase. Fundó su de-terminación en que las diferencias entre la preparación académica y la experiencia de los recurridos no era óbice para la tramitación del pleito como de clase. Señaló que el tribunal podría clasificarlos en grupos a los fines de conce-der los remedios a los que tuvieron derecho cada miembro. Concluyó, indicando que no hubo abuso de discreción por parte del tribunal de instancia al certificar el pleito como de clase, sin celebrar antes una vista evidenciaría, porque ello no es obligatorio. Además, señaló que el tribunal de instancia expuso y explicó las razones que guiaron su de-terminación y que éste certificó el pleito como de clase, porque entendió que tenía ante sí todos los requisitos para tomar su decisión.
Inconforme con tal dictamen, el Departamento de Edu-cación acudió ante este Tribunal —vía certiorari— plan-teando que erró el tribunal apelativo intermedio al resolver que procede certificar el pleito como de clase, aun cuando ese foro reconoció que las circunstancias fácticas de los recurridos no son análogas. Sostuvo, además, que éstos no demostraron su cumplimiento con los requisitos esta-blecidos en la Regla 20 de Procedimiento Civil, ante, y la jurisprudencia aplicable.
Expedimos el recurso. Resolvemos.
I
A. Según el derecho constitucional de toda persona a obtener una educación y él interés de garantizar la excelencia académica en nuestra sociedad, la Asamblea Legislativa, a través de la Ley de la Carrera Magisterial, Ley *867 Núm. 158 de 18 de julio de 1999 (18 L.P.R.A. see. 310 et seq.), instauró un sistema de rangos magisteriales y proce-dimientos para ascensos y la revisión de salarios para los maestros y personal educativo, a través de planes indivi-duales de mejoramiento profesional y programas de educa-ción continua.
El Art. 1.03 de la referida ley, ante, establecía que serían miembros de la carrera magisterial los maestros y maestros bibliotecarios del Sistema de Educación Pública que: (1) posean certificados regulares de maestro en la categoría en que se desempeñen, (2) tengan nombramiento permanente y (3) estén trabajando como maestros de salón de clase o maestros bibliotecarios en las categorías para las cuales se les expidió el certificado regular de maestro.
A través de la Ley Núm. 208 de 28 de agosto de 2002 (18 L.P.R.A. see. 310 et seq.), se enmendó el Art. 1.03 de la Ley de la Carrera Magisterial, ante, a los efectos de extender la aplicación de esta ley a los orientadores escolares, trabaja-dores sociales escolares, coordinadores de programas voca-cionales, coordinadores industriales y maestros especialis-tas en la tecnología instructivo que posean certificados docentes expedidos conforme a la ley.
Según lo dispuesto en el Art. 1 de la nueva ley, 18 L.P.R.A. sec. 311b, se promulgó el Reglamento de la Ca-rrera Magisterial, Reglamento Núm. 6761 del Departa-mento de Estado, 5 de febrero de 2004. En su Art. 2.01, pág. 2, éste dispone que son miembros de la carrera magisterial los que cumplan con los requisitos expuestos en el citado Art. 1.03 de la Ley de la Carrera Magisterial. Dicho artículo, según expuesto, fue enmendado mediante la Ley Núm. 208, ante, a los únicos efectos de incluir a los traba-jadores sociales y orientadores escolares, entre otro personal escolar.
La activación como miembro requiere, en primera instancia, la presentación de la solicitud correspondiente, firmada por el solicitante y entregada al Director Escolar. *868 Art. 4.05 de la Ley de la Carrera Magisterial, 18 L.P.R.A. sec. 315d. El paso siguiente es la preparación de un Plan de Mejoramiento Profesional conforme a los requisitos im-puestos en la ley. Una vez el Director Escolar y su Comité de Evaluación acreditan que el solicitante presentó su plan, y que éste cumple con lo establecido en la ley y el reglamento, le será otorgada al solicitante una certifica-ción a tales efectos. Esta solicitud certificada será entre-gada al Superintendente de Escuelas y posteriormente el Secretario de Educación; éste la evaluará y la aprobará de forma final, si estima que se cumplieron con los requisitos legales para ello. El Secretario de Educación tiene la facul-tad indelegable de reconocer las clasificaciones y los nive-les en la carrera magisterial. Art. 3.02 de la Ley de la Ca-rrera Magisterial, 18 L.P.R.A. sec. 314a; Art. 5.03 del Reglamento de la Carrera Magisterial, ante, pág. 13.
Los planes de mejoramiento profesional son programas de acción individual de cinco años, “diseñados por los miembros de la Carrera Magisterial con el fin de ampliar y renovar sus conocimientos, perfeccionar sus destrezas y dirigir sus esfuerzos a las metas que ellos mismos se han propuesto”. Art. 6.01 del Reglamento de la Carrera Magisterial, ante, pág. 16. Véase el Art. 4.01 de la Ley de la Carrera Magisterial, 18 L.P.R.A. see. 315. Cada plan se divide en cinco etapas y combina la información relativa a: (1) los estudios formales del miembro; (2) sus horas de participación en actividades de educación continua; (3) la práctica supervisada en su área de especialidad y las actividades académicas, estudiantiles, de investigación, de orientación a los alumnos y padres, y (4) el adiestramiento al personal docente de la escuela y de atención a estudiantes con necesidades particulares. Incluye todo lo que contribuye al mejoramiento de la escuela y la comunidad. Art. 6.03 del Reglamento de la Carrera Magisterial, ante, págs. 16-17; Arts. 4.02 y 4.04 de la Ley de la Carrera Magisterial, 18 L.PR.A. secs. 315a y 315c. El miembro debe presentar un nuevo plan de mejoramiento profesional *869 cada cinco años o perderá su condición de miembro activo. Art. 6.06 del Reglamento de la Carrera Magisterial, ante, pág. 17.
El desarrollo de los planes de mejoramiento profesional es una responsabilidad exclusiva del miembro. Art. 4.07 de la Ley de la Carrera Magisterial, 18 L.RR.A. see. 315f; Art. 6.07 del Reglamento de la Carrera Magisterial, ante, pág. 17. Conforme al Art. 2.05 del Reglamento de la Carrera Magisterial, ante, pág. 3, cuando el solicitante no presente o complete su plan de mejoramiento profesional en el tiempo establecido por la ley, no será considerado como un miembro activo, razón por la cual no podrá solicitar un ascenso en nivel ni la revisión de su nivel. Art. 4.08 de la Ley de la Carrera Magisterial, 18 L.P.R.A. sec. 315g. Lo anterior se debe a que la condición de un miembro activo es un requisito indispensable para obtener los beneficios relativos a las revisiones de los salarios y ascensos que fija la ley.
El Reglamento de la Carrera Magisterial dispone que el Secretario de Educación reconocerá como miembro activo a todo el personal docente que haya solicitado y acreditado el nivel que le corresponde, según lo dispuesto en el Art. 8.01 de la referida Ley, 18 L.P.R.A. see. 310, el cual ubica a los miembros en niveles desde el I al IV. Art. 2.03 del Reglamento de la Carrera Magisterial, ante, pág. 2. Véanse los Arts. 2.03 a 2.06 de la Ley de la Carrera Magisterial, 18 L.P.R.A. secs. 313b-313d-l.
Los diversos niveles establecen el lugar donde ocupa el personal docente incluido en la ley, según la jerarquía de su profesión y tomando en cuenta sus años de experiencia y preparación académica. Art. 2.01 de la Ley de la Carrera Magisterial, 18 L.P.R.A. see. 313; Art. 5.01 del Reglamento de la Carrera Magisterial, ante, pág. 12. También contitu-yen un reconocimiento del esfuerzo y compromiso de los miembros de la carrera magisterial que han cumplido con sus planes de mejoramiento profesional y por ello le es con-cedido un aumento en el salario básico del miembro. Arts. *870 5.02 y 5.06 del Reglamento de la Carrera Magisterial, ante, págs. 12-13 y 15-16; Art. 3.01 de la Ley de la Carrera Magisterial, 18 L.RR.A. see. 314.
Un miembro puede solicitar ascender al nivel siguiente si cumple con sus planes de mejoramiento personal y ob-tiene evaluaciones satisfactorias de su desempeño. Para ello, debe presentar una solicitud de acenso con copia cer-tificada del plan de mejoramiento profesional y los docu-mentos que acrediten su cumplimiento con éste, y tras una evaluación del expediente, el Secretario de Educación emite su determinación final al respecto. Los años de ser-vicio por sí solos no le califican para un ascenso en nivel. Art. 5.05 del Reglamento de la Carrera Magisterial, ante, pág. 15; Art. 3.03 de la Ley de la Carrera Magisterial, 18 L.P.R.A. sec. 314b.
También los miembros pueden solicitar revisiones de los salarios una vez concluyan satisfactoriamente cada una de las etapas de su plan de mejoramiento profesional. Los ade-lantos se autorizan para promover el cumplimiento de cada etapa de su plan. Arts. 2.10 y 2.11 de la Ley de la Carrera Magisterial, 18 L.P.R.A. secs. 313h y 313i; Art. 7.01 del Re-glamento de la Carrera Magisterial, ante, pág. 18.
Los miembros de la carrera magisterial son evaluados periódicamente mediante un análisis de sus planes de me-joramiento profesional, entrevistas, visitas a sus centros de trabajo y evaluaciones del desempeño académico de sus estudiantes o el desempeño de sus labores. Art. 6.02 de la Ley de la Carrera Magisterial, 18 L.P.R.A. sec. 317f. Ello en aras de alentar el desarrollo de sus destrezas profesio-nales y asegurar que sean ubicados en los niveles magiste-riales correspondientes. Art. 6.01 de la Ley de la Carrera Magisterial, 18 L.P.R.A. see. 317.
Toda determinación del Secretario de Educación es revisable a través del procedimiento de quejas y agravios establecido en la Ley de Relaciones del Trabajo para el Servicio Público de Puerto Rico así como en el convenio colectivo entre el Departamento de Educación y el repre- *871 sentante exclusivo de los empleados. Art. 7.11 del Regla-mento de la Carrera Magisterial, ante, pág. 21.
B. Reiteradamente hemos expresado que los pleitos de clase constituyen “una forma especial de litigación representativa que permite a una persona o grupo de personas demandar a nombre propio y en representación de otras personas que se encuentran en una situación similar a la suya pero no se encuentran ante el Tribunal”. Guzmán, Juarbe v. Vaquería Tres Monjitas, 169 D.RR. 705, 714 (2006). Su propósito es fomentar la economía judicial mediante la adjudicación simultánea de los elementos comunes de varios litigios, evitando reclamaciones múltiples y pronunciamientos inconsistentes. Además, facilita la concesión de remedios a quienes no les resultaría conveniente presentar una reclamación individual en vista de que las sumas individuales que están en controversia no son cuantiosas. Íd.; García v. Asociación, 165 D.RR. 311 (2005); Cuadrado Carrión v. Romero Barceló, 120 D.P.R. 434 (1988).
La Regla 20 de Procedimiento Civil, ante, corresponde sustancialmente a la Regla 23 de Procedimiento Civil federal, 28 U.S.C.A. En vista de la similitud entre su contenido e interpretación, la jurisprudencia federal sobre ésta resulta persuasiva al evaluar el alcance de dicho estatuto en nuestro ordenamiento. García v. Asociación, ante; Cuadrado Carrión v. Romero Barceló, ante.
La Regla 20.1 de Procedimiento Civil, ante, establece los requisitos para un pleito de clase, disponiendo que
... uno o más miembros de una clase podrán demandar o ser demandados como representantes de todos los miembros de la clase solamente si: (1) la clase fuere tan numerosa^que la acu-mulación de todos los miembros resultare impracticable; (2) existieren cuestiones de hecho o de derecho común a la clase; (3) las reclamaciones o defensas de los representantes fueren típicas de las reclamaciones o defensas de la clase; y (4) los representantes protegerían los intereses de la clase de manera justa y adecuada.
*872 El que solicita la certificación de un pleito como uno de clase tiene el peso de la prueba de demostrar que se han cumplido los cuatro requisitos señalados. García v. Asociación, ante; Cuadrado Carrión v. Romero Barceló, ante.
En Cuadrado Carrión v. Romero Barceló, ante, discutimos detalladamente los requisitos de numerosidad, comunidad, tipicidad y adecuada representación, cuyo cumplimiento exige la Regla 20.1, ante. Sobre el primero, indicamos que el número de personas que componen una clase no es decisivo, ya que el factor determinante es que la clase fuere tan numerosa que su acumulación resultaría imposible, y ello varía caso a caso. Basta con que el promovente demuestre que la acumulación de todas las partes sería sumamente inconveniente y crearía obstáculos en la tramitación del pleito. Para ello, es útil tomar en cuenta la dispersión geográfica de las personas afectadas, la posibilidad de identificarles para propósitos del pleito, la naturaleza del caso, la cuantía de las reclamaciones y la capacidad de cada miembro para hacer valer sus derechos individualmente. No es necesario probar el número exacto de los miembros de la clase, sino llevar a cabo un estimado razonable de un número potencial. Consecuentemente, es un requisito relativamente fácil de cumplir.
En cuanto al requisito de comunidad, enfatizamos en Cuadrado Carrión v. Romero Barceló, ante, que la necesidad de la existencia de una cuestión de hecho o de derecho común a la clase, aun cuando éstas no surjan del mismo acto o evento. Asimismo, destacamos que dicha determinación es de naturaleza cualitativa y no cuantitativa, por lo cual, una sola cuestión de hecho o de derecho es suficiente cuando es cualitativamente relevante.
El requisito de tipicidad exige la existencia de una relación entre las reclamaciones de los demandantes y las de la clase que éstos intentan representar, con el fin de que se promuevan los intereses de todos los miembros de la clase.
*873 Por último, el que pretende representar a una clase debe proteger los intereses de los miembros adecuadamente, en atención al principio constitucional del debido proceso de ley. Notablemente, el requisito de una representación adecuada está ligado íntimamente al de tipicidad, ya que sólo se asegura una representación adecuada cuando ambos, la clase y el representante, tienen un fin común. Así, no deben existir conflictos sustanciales entre los intereses del representante y el de los miembros ausentes que impidan que el representante asegure una litigación agresiva y vigorosa a favor de los miembros de la clase. Ello incluye la contratación de un representante legal competente.
El cumplimiento con los cuatro requisitos ex-puestos es de suma importancia debido a que quienes representan la clase tienen la gran responsabilidad de defender los intereses de aquellos miembros de la clase que no estén presentes, y para los cuales la sentencia que recaiga en su día será vinculante, claro está, salvo para el que opte por excluirse del pleito cuando ello es factible.
De otro lado, la Regla 20.2 de Procedimiento Civil, ante, provee las tres categorías de pleitos de clase según las cuales se puede tramitar un caso.(1) Basta con que el *874 promovente del pleito de clase demuestre que se cumplen los requisitos de una de las categorías reseñadas, aunque podría certificarse el pleito según más de una de éstas. 1 Moore’s Federal Practice 3rd Sec. 23.40[2] (2007).
Aun cuando el tribunal de instancia tiene una amplia discreción para determinar si procede la certificación de un pleito como de clase, el tribunal deberá cerciorarse de la procedencia de la certificación mediante un análisis riguroso de la prueba presentada por el que solicita la certificación. La certificación no puede descansar únicamente en meras alegaciones del promovente a los efectos de que cumplió con los requisitos establecidos en la ley. En ocasiones será necesario ir más allá de las alegaciones que el promovente expone en la demanda e, incluso, en algunos casos la celebración de una vista será el mejor curso de acción para cerciorarse de que se han satisfecho los requisitos legales para la certificación. García v. Asociación, ante. Véanse: Bacon v. Honda of America Manufacturing, Inc., 370 F.3d 565 (6to Cir. 2004); Allen v. Leis, 204 F.R.D. 401 (2001); Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180 (9no Cir. 2001).
Ahora bien, hemos destacado que la celebración de una vista a esos efectos no es mandatoria, sino descansa en la sana discreción del juzgador. Como sabemos, la discreción requiere el ejercicio de la razonabilidad, tomando en cuenta los hechos particulares del caso. Ciertamente, un juez abusa de su discreción cuando, sin razón para ello, descarta hechos materiales que inciden directamente sobre *875 la resolución del caso o fundamenta con su decisión en prueba inmaterial o irrelevante. Es decir, abusa de su dis-creción cuando actúa de forma irrazonable, parcializada o arbitraria. García v. Asociación, ante; Ramírez v. Policía de P.R., 158 D.P.R. 320 (2002).
II
Al argumentar su único señalamiento de error, el De-partamento de Educación sostiene que la certificación de un pleito de clase sólo es procedente cuando el tribunal queda convencido, luego de un análisis riguroso, de que su promovente ha descargado su obligación de demostrar que cumple con los requisitos para tal certificación. A su juicio, los recurridos no han satisfecho el peso de la prueba señalado. Igualmente, cree que el tribunal de instancia no tenía ante sí la prueba necesaria para asegurar que se cumplieron con los requisitos de la Regla 20 de Procedi-miento Civil, ante.
El Departamento de Educación señala, además, que el esquema legislativo dispuesto en la Ley de la Carrera Magisterial exige un trato distinto a cada profesional que se acoja a los beneficios allí concedidos, y las diferencias entre las clasificaciones y el nivel magisterial de éstos imposibi-litan la certificación del pleito como de clase. Sobre el particular, indica que la clasificación de cada miembro de la carrera magisterial se determina tras una evaluación de sus circunstancias particulares, entre ellos, su experiencia, preparación académica, evaluaciones de su desempeño do-cente, participación en cursos de educación continua y su cumplimiento con el plan de mejoramiento profesional. Sólo tras ese análisis podrían determinarse los beneficios a los cuales tiene derecho cada individuo.
En vista de lo anterior, el Departamento de Educación argumenta que no existe una clase con reclamaciones típi-cas y comunes que amerite la certificación. En apoyo a su argumento, reitera que los remedios de la Ley de la Ca- *876 rrera Magisterial no aplican automáticamente, sino re-quieren actos afirmativos por parte del que desea disfrutar de sus beneficios. A saber, éstos deben solicitar acogerse a la Ley, acreditar su cumplimiento con los requisitos esta-blecidos en ésta y en el reglamento, y obtener la aprobación del Secretario de Educación. Como consecuencia, no basta con que los miembros de la clase sean trabajadores sociales escolares y maestro orientadores escolares si no se han acogido a los beneficios de la ley.
Por último, señala el Departamento de Educación que los recurridos no pudieron establecer el número aproxi-mado de los miembros de la clase, ya que las reclamaciones versan sobre los beneficios dejados de percibir desde 1999 hasta el 2003 y la parte demandante no identifica cuáles miembros estaban activos durante ese periodo como tam-poco informa cuántos de ellos se han retirado ni los que han iniciado sus labores después de la aprobación de la ley en 1999 o luego de las enmiendas de 2002.
De entrada, es preciso enfatizar que, según expresamos García v. Asociación, ante, el tribunal de instancia no tiene la obligación de celebrar una vista evidenciaría previo a la certificación de un pleito de clase. En el caso de autos, distinto a lo ocurrido en García v. Asociación, ante, el tribunal de instancia expuso detalladamente las razones por las cuales, a su juicio, los recurridos cumplieron con los requisitos para la certificación del pleito de clase. Además, ambas partes tuvieron una oportunidad amplia para exponer sus respectivas posiciones. Un examen del expediente nos convence de que el Departamento de Educación realmente no ha demostrado que tal actuación sea irrazonable, razón por la cual no podemos avalar el planteamiento del Departamento a los efectos de que el tribunal de instancia abusó de su discreción al no celebrar una vista evidenciaría, previo a certificar el pleito de clase.
No obstante lo anterior, y aun cuando no avalamos com-pletamente la posición asumida por el Departamento de Educación, concluimos que erraron los foros recurridos al *877 determinar que procedía la certificación del pleito como de clase. Veamos.
Se desprende de la normativa jurídica antes discutida que las enmiendas a la Ley de la Carrera Magisterial tu-vieron el efecto de extender los beneficios de la ley a los maestros orientadores escolares y trabajadores sociales es-colares del Sistema de Educación. Ello significa que, tras las enmiendas de 2002, los maestros orientadores y traba-jadores sociales escolares, excluidos inicialmente de la aplicación de esta ley, adquirieron el derecho a presentar una solicitud para ser activados como miembros de la ca-rrera magisterial y reclamar la preparación de un Plan de Mejoramiento Profesional. El solicitante será acreedor de los beneficios de la ley sólo cuando el Secretario de Educa-ción apruebe su solicitud y certifique que el solicitante ha cumplido con los requisitos del Art. 1.03 de la Ley de Ca-rrera Magisterial, ante, y demás requisitos legales para ello.
El Art. 4.05 del Reglamento de la Carrera Magisterial, ante, pág. 12, establece que el nuevo personal docente in-cluido en la Ley Núm. 208, ante, que no reclame el nivel que le corresponde al amparo del Art. 8.01 de la ley, dentro del año siguiente a la fecha de la aprobación de las enmien-das de 2002, perderá el derecho a así hacerlo. Como conse-cuencia, permanecerá sin nivel específico en el sistema. (2)
De la Ley de la Carrera Magisterial y del reglamento surge claramente que los beneficios de la carrera magisterial no se adquieren de forma automática. Por el contrario, la ley y el reglamento imponen los requisitos numerosos y de cumplimiento estricto. El empleado debe solicitar su inclusión y acreditar continuamente su cumplimiento con el plan de mejoramiento personal, además de desempeñarse satisfactoriamente en todas sus labores. De *878 no hacerlo, pierde los beneficios que concede la ley; se trata de un proceso continuo.
En Cuadrado Carrión v. Romero Barceló, ante, atendi-mos una situación análoga a esta controversia. En dicho caso, un grupo de maestros de instrucción pública presen-taron una demanda para solicitar una sentencia declarato-ria, el interdicto y por daños y perjuicios según el funda-mento de que no habían obtenido nombramientos con carácter permanente, según la Ley Núm. 312 de 15 de mayo de 1938 (18 L.P.R.A. see. 214), únicamente porque no eran miembros del Partido Nuevo Progresista. En vista de lo anterior, sostuvieron que fueron objeto de un discrimen político.
En dicha ocasión denegamos la certificación del pleito de clase al concluir que los requisitos impuestos, por la ley particular que es objeto del caso, creaban obstáculos insu-perables que impedían la tramitación del pleito como de clase. Resolvimos que los criterios legislativos existentes para la otorgación de nombramientos permanentes a los maestros del entonces Departamento de Instrucción Pú-blica exigían un análisis de las circunstancias individuales de cada miembro de la clase antes de determinar la exis-tencia de una cuestión común, y ello impedía la adjudica-ción del caso mediante este mecanismo. Destacamos que debido a las variaciones en la preparación académica, ex-periencia, años de servicio y evaluación de los candidatos, entre otros factores, éstos no eran acreedores automáticos de los beneficios que solicitaban. Consecuentemente, aun concluyendo que, en efecto, hubo discrimen político, ello de por sí no implicaba que procedía su nombramiento perma-nente ni le eximía a los demandantes de satisfacer los re-quisitos impuestos por la ley para ser nombrados a esos puestos. Así, claramente había una ausencia de cuestiones comunes de hechos o de derecho que a su vez impedía una representación adecuada, dos de los requisitos establecidos por la Regla 20.1 de Procedimiento Civil, ante.
En Cuadrado Carrión v. Romero Barceló, ante, también *879 señalamos que el propósito de la tramitación de un pleito de clase quedaba derrotado “si llegado el momento de eje-cutar la sentencia todos y cada uno de los miembros repre-sentados ausentes tuviesen que revalidar, con la prueba individual, su derecho a beneficiarse del pleito de clase”. Por último, aclaramos que la denegatoria de un pleito de clase no incidía sobre los méritos de cualquier reclamación individual ni impedía la certificación del pleito como uno de clase en etapas avanzadas del procedimiento, ya que una vez iniciado o continuado el descubrimiento de prueba podría resultar el método más efectivo para la tramitación del pleito. Véase, además, Bacon v. Honda of America Manufacturing, Inc., ante.
De una estipulación de hechos que llevaron a cabo las partes en este caso, surge que a sólo trescientos cuarenta y cuatro maestros orientadores y trabajadores sociales esco-lares les fueron aprobadas sus solicitudes y planes de me-joramiento profesional correspondientes. Si bien las partes estipularon que los 1,994 trabajadores sociales y maestros orientadores escolares que obran como tales en el Departa-mento de Educación “se inscribieron en la Carrera Magisterial”, hemos expresado que lo esencial para disfrutar de tales beneficios es la aprobación de la solicitud y de los planes de mejoramiento profesional por parte del Secretario de Educación.
Debe quedar claro que no estamos resolviendo que en el presente caso procede denegar la certificación debido a que los remedios a los cuales pueden ser acreedores los recurri-dos son variados o distintos, ya que ello no es razón válida para denegar un pleito de clase. Véanse: Pettway v. Harmon Law Offices, 2005 U.S. Dist. Lexis 21341; Payne v. Goodyear Tire & Rubber Co., 216 F.R.D. 21 (D. Mass. 2003); Moore’s, ante, Sec. 23.24[4]. Tal situación puede subsanarse mediante la creación de subclases dentro de la clase. Véase la Regla 20.3(d) de Procedimiento Civil, ante.
Sin embargo, conforme a la Regla 20.1 de Procedimiento Civil, ante, resulta esencial que existan cuestiones comu- *880 nes de hecho o de derecho entre los miembros, así como reclamaciones que sean típicas tanto para los miembros como para los representantes de la clase, con el fin de ga-rantizar que los intereses de los miembros ausentes sean representados de forma justa y adecuada.
Claramente, no existen cuestiones de hecho o de derecho comunes entre aquellos que se han acogido a los beneficios de la Ley de la Carrera Magisterial y los que todavía no han recibido la aprobación del Secretario de Educación, los cuales son la mayoría. Los primeros pueden reclamar inmediatamente los aumentos salariales que otorga la ley, mientras a los segundos no les asiste tal derecho.
Más aún, sería sumamente oneroso y derrotaría el pro-pósito del pleito de clase, la necesidad de determinar, pre-vio a la certificación del pleito, el nivel al cual perteneciere cada trabajador social u orientador escolar, ya que ello re-quiere un análisis individualizado de cada miembro de la clase propuesta. Tómese en cuenta, además, que si el tribunal resolviera que la ley aplica retroactiva, para deter-minar la cantidad que se le adeuda a cada miembro de la carrera magisterial, sería necesaria la fijación del nivel y los salarios que le hubiesen correspondido en 1999. Es de-cir, el análisis necesario se remontaría a los años de expe-riencia y preparación académica de cada miembro desde 1999. Sería ilógico otorgarle beneficios a los cuales el tra-bajador social u orientador escolar no era acreedor en 1999, en conformidad con la experiencia y preparación aca-démica que tenía entonces. Claramente, la determinación en torno a si al trabajador social u orientador escolar le asisten los beneficios de la Ley de la Carrera Magisterial no es sencilla de por sí y se complica grandemente, cuando se trata de muchos reclamantes con preparaciones acadé-micas y experiencias diversas.
Tomando en cuenta todo lo expuesto, resulta forzoso concluir que el pleito de clase no es el mejor método para adjudicar la controversia. Regla 20.2(c) de Procedimiento *881 Civil, ante. Erraron, en consecuencia, al así dictaminarlo, tanto el Tribunal de Primera Instancia como el Tribunal de Apelaciones al confirmar la determinación.
III
Ahora bien, la Regla 20.3(d) de Procedimiento Civil, ante, faculta a un tribunal a tramitar un pleito de clase con respecto a cuestiones específicas. Véase Moore’s, ante, See. 23.24[7]. Al amparo de ello, el Departamento de Educación nos solicita que ordenemos la tramitación del pleito como de clase únicamente si procede la aplicación retroactiva de la Ley de Carrera Magisterial. De así determinarlo, los miembros que decidan acogerse a este procedimiento po-drán tramitar sus reclamaciones individuales sin el riesgo de adjudicaciones inconsistentes sobre esta cuestión es-tricta de derecho. Estamos de acuerdo.
La controversia de derecho sobre la retroactividad de los beneficios concedidos en la Ley de la Carrera Magisterial puede ser adjudicada como un pleito de clase, en tanto es una cuestión de estricto derecho, común entre todos los maestros orientadores y trabajadores sociales escolares que se acogieron a los beneficios de dicha ley y cuyas soli-citudes ya fueron aprobadas por el Secretario de Educación. Tómese en cuenta que las partes han estipu-lado la cantidad de trabajadores sociales y maestros orien-tadores escolares a quienes les aplican los beneficios allí concedidos porque presentaron y les fueron aprobados sus planes de mejoramiento personal. Se satisfacen los requi-sitos de numerosidad, comunidad, tipicidad y adecuada re-presentación para certificar el pleito de clase únicamente en cuanto a este aspecto. Se evita, además, la posibilidad de sentencias conflictivas sobre éste.
En resumen, concluimos que procede la certificación del pleito de clase para adjudicar, exclusivamente, la contro-versia relativa a la retroactividad de los beneficios de la Ley de la Carrera Magisterial. Ahora bien, la clase sólo *882 incluirá a aquellos trabajadores sociales y maestros orien-tadores escolares que actualmente son miembros de la ca-rrera profesional, porque presentaron su solicitud y planes de mejoramiento profesional al amparo de la ley, y éstos fueron aprobados debidamente por el Secretario de Educación.
IV
En consideración a lo antes expuesto, procede dictar Sentencia modificatoria de la emitida por el Tribunal de Apelaciones a los efectos siguientes: se confirma su determi-nación sobre certificación de pleito de clase únicamente res-pecto al aspecto o controversia relativa a la retroactividad de los beneficios de la Ley de la Carrera Magisterial, revo-cándose todas sus otras determinaciones.

Se dictará Sentencia de conformidad.

La Jueza Asociada Señora Fiol Matta confirmaría el dic-tamen recurrido en su totalidad.

 La referida disposición reglamentaria establece que un pleito será sostenible como de clase cuando se satisfaga, además de los requisitos de la Regla 20.2 de Procedimiento Civil, al menos uno de los requisitos siguientes:
“(a) la tramitación de pleitos separados por o en contra de miembros individua-les de la clase crearía un riesgo de,
“(1) adjudicaciones inconsistentes o variadas con respecto a miembros in-dividuales de la clase, que establecerían normas de conducta incompatibles para la parte que se opone a la clase, o
“(2) adjudicaciones con respecto a miembros individuales de la clase, que para todos los fines prácticos dispondrían de los intereses de otros miembros que no sean partes en las adjudicaciones o, empeorarían, o impedirían sustancialmente su habilidad para proteger sus intereses; o
“(b) la parte que se opone a la clase ha actuado o ha rehusado actuar por razo-nes aplicables a la clase en general, en forma tal que resulte apropiado conceder finalmente un remedio mediante interdicto o sentencia declaratoria correspondiente con respecto a la clase en general; o
“(c) el tribunal determina que las cuestiones de hechos o de derecho comunes a los miembros de la clase predominan sobre cualesquiera cuestiones que afecten so- *874 lamente a miembros individuales, y que el pleito de clase es superior a otros métodos disponibles para la justa y eficiente adjudicación de la controversia. Los asuntos pertinentes para las determinaciones incluyen:
“(1) El interés de los miembros de la clase en controlar individualmente la tramitación o defensa de pleitos separados;
“(2) la naturaleza y alcance de cualquier litigio relativo a la controversia ya comenzado por o en contra de miembros de la clase;
“(3) la deseabilidad de concentrar o no el trámite de las reclamaciones en el foro específico;
“(4) las dificultades que probablemente surgirían en la tramitación de un pleito de clase. 32 L.RR.A. Ap. III.

 Cabe señalar, sin embargo, que éste podrá ingresar posteriormente a la ca-rrera magisterial en el Nivel I si cumple con los requisitos para la clasificación en ese nivel y si el plan de mejoramiento profesional.